UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODERICK  DANIEL,

       Petitioner,

                                        Case No. 2:07-cv-119

v

                                        Hon. Wendell A. Miles

BARRY DAVIS,

       Respondent.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On September 11, 2007, United States Magistrate Judge Timothy P. Greeley issued a

Report and Recommendation ("R & R") recommending that Roderick Daniel's petition for writ

of habeas corpus be dismissed for lack of exhaustion.  Petitioner has filed an unsigned document

titled "In Re: Objection to Report and Recommendation" nominally objecting to the R & R.

The court, having reviewed the R & R filed by the United States Magistrate Judge in this action,

and having considered petitioner's so-called "objection," agrees with the  recommended

disposition contained in the R & R.  The petition will therefore be dismissed without prejudice.

**Discussion**

The Magistrate Judge correctly concluded that the petition is subject to dismissal for lack

of exhaustion, insofar as petitioner has not alleged that he has previously filed a motion for relief

from judgment in state court.[1]   Petitioner has not made specific objection to this conclusion; instead, he devotes the bulk of his self-titled "objection" to explaining why he did not file a timely application in the Michigan Supreme Court (his excuse: ineffective assistance of appellate counsel).

A petitioner who does not object to the legal and factual conclusions of a magistrate's report and recommendation waives those issues for appeal.  See generally Thomas v. Arn, 474 U.S. 140 (1985); see also Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986) (petitioner who failed to object to portion of magistrate judge's report dealing with particular issue forfeited his right of appeal on the issue).  Petitioner does not object that he has exhausted his state remedies, nor does he specifically object to the Magistrate Judge's finding that a state remedy in the form of a motion for relief from judgment remains available.  Therefore, the court need not make a *de novo* determination of any issue, and petitioner has no basis on which to appeal.

Even if petitioner had filed proper objections, as noted above, the Magistrate Judge correctly determined that the petition is subject to dismissal for lack of exhaustion because, under Michigan law, available remedies remain for petitioner to challenge his conviction in the state court.  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or  (ii) circumstances exist that render such process

---

[1]"Motions for relief from judgment" are post-appeal motions provided for by Mich. Ct. R. 6.500 *et seq*.  Burroughs v. Makowski  411 F.3d 665, 668 (6th Cir. 2005).

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b).  In addition,

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).  Where the petitioner does not present his claims to the Michigan courts by the proper procedural vehicle, he has not satisfied federal exhaustion requirements.  See Ex Parte Hawk, 321 U.S. 114, 116-117 (1944) ("Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted").

According to the Amended Petition (doc. no. 7), the Michigan Court of Appeals affirmed petitioner's conviction and sentence on March 22, 2007.   He failed to file an appeal to the Michigan Supreme Court until May 18, 2007. An appellant in a criminal case must file leave to appeal a decision of the Michigan Court of Appeals to the Michigan Supreme Court within 56 days of the lower court's decision.  Mich. Ct. R. 7.302(C)(2).  Applications filed beyond this deadline are not accepted.  Mich. Ct. R. 7.302(C)(3).  Because petitioner failed to meet this deadline (his application was several days late), the Michigan Supreme Court never had a fair opportunity to consider his claims.  Additionally, petitioner still has available to him a Michigan post-conviction remedy under Mich. Ct. R. 6.501-.509.  Consequently, petitioner has failed to exhaust the matter in the state courts, and has thus failed to meet federal exhaustion requirements for a writ of habeas corpus.

Petitioner's Amended Petition in effect asserts "new evidence" as the sole ground for

habeas relief, and to this end, petitioner argues in his "objection" to the R & R that he should be granted an evidentiary hearing.  (Petitioner previously filed a "Motion for Evidentiary Hearing" (doc. no. 3)).  However, the AEDPA greatly curtailed federal habeas court discretion to conduct evidentiary hearings under certain circumstances.  Specifically, "AEDPA generally prohibits federal habeas courts from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts."  Schriro v. Landrigan, 127 S.Ct. 1933, 1939 n.1 (2007) (citing 28 U.S.C. § 2254(e)(2)).  It is not clear precisely when and how petitioner obtained the new evidence, or why that evidence could not have been previously discovered through the exercise of due diligence – both of which are relevant considerations in determining whether a federal habeas court may grant an evidentiary hearing.  See Lott v. Coyle, 261 F.3d 594, 605 (6th Cir. 2001) (district court properly denied evidentiary hearing where petitioner was unable to explain when and how he obtained new evidence, and presented no other evidence to suggest the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence).  In any event, no evidentiary hearing is appropriate where the petition is clearly subject to dismissal on exhaustion grounds and a state remedy remains available.

In addition, assuming that petitioner intends to seek relief in state court through a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq*., the court in that proceeding would have two procedural options in deciding the motion: (1) it may rule on the motion based on the motion, response and record, Mich. Ct. R. 6.508(B), or (2) it may order an evidentiary hearing if it determines that one is required.  Mich. Ct. R. 6.508(C).  Therefore, the state has the power to conduct its own evidentiary hearing.  It would serve no purpose for this court to grant such a

hearing on a petition which is clearly subject to dismissal for lack of exhaustion.

It is noted that the AEDPA tolls the statute of limitation during state post-conviction proceedings.  28 U.S.C. § 2244(d)(2).  The statute refers to tolling for the period of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2);  Lopez v. Wilson, 426 F.3d 339, 352 (6th Cir. 2005).  It appears that petitioner still has time to return to state court before any federal relief becomes barred by § 2244(d)(1)'s one-year limitation period – assuming that petitioner "properly" seeks relief through a filing in state court and acts promptly to return to federal court in the event of an unfavorable state court ruling.

Finally, it is noted that petitioner has raised no federal issue in his Amended Petition; instead, he relies solely on new evidence, which he contends will establish his innocence. However, this court can entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).   In Herrera v. Collins, 506 U.S. 390, 400 (1993), the Supreme Court held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding[.]"  Thus, the existence of new evidence, standing alone, is not a basis for granting the writ.  Although the absence of a federal issue from the petition provides grounds for a denial of habeas relief on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the state courts, 28 U.S.C. § 2254(b)(2), the court agrees with the Magistrate Judge's recommendation to dismiss the petition for lack of exhaustion, and not on the

merits at this time.

### Conclusion

IT IS HEREBY ORDERED that the R & R of the Magistrate Judge is approved and

adopted as the decision of the court.  The petition is dismissed without prejudice.

IT IS FURTHER ORDERED, for the reasons stated in the R & R and adopted by the

court, and for the additional reasons given above, that a certificate of appealability is DENIED as

to the issues raised in the petition.

Entered this 13th day of February, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge